[Cite as *Bank of New York Mellon v. Flack*, 2011-Ohio-890.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BANK OF NEW YORK MELLON

    Plaintiff-Appellees

-vs-

CHARLENE M. FLACK, ET AL.

    Defendant-Appellants

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2010CA00153

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2009CV00723 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 22, 2011 |
| APPEARANCES: | |

For Appellees

CHARLES V. GASIOR
JASON A. WHITACRE
KATHRYN M. EYSTER
The Law Offices of John D. Clunk,
Co., L.P.A
4500 Courthouse Blvd., Ste. 400
Stow, Ohio 44224

For Appellant Charlene Flack

DANIEL J. FUNK
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

And

For Treasurer of Stark County

JOHN F. ANTHONY, II
Assistant Prosecuting Attorney
110 Central Plaza South, Ste. 510
Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Charlene M. Flack appeals the May 27, 2010 Judgment Entry entered by the Stark County Court of Common Pleas, which denied her Civ. R. 60(B) Motion to Vacate Default Judgment.  Plaintiff-appellee is The Bank of New York Mellon.[1]

STATEMENT OF THE CASE AND FACTS

**{¶2}** On July 28, 1997, Appellant executed a note and mortgage in favor of Multi-Fund, Inc. The mortgage was recorded on July 31, 1997. Multiple assignments of the mortgage were given, with Appellee eventually receiving an assignment in November, 2008.

**{¶3}** On February 20, 2009, Appellee filed a foreclosure action, seeking judgment on its note and to foreclose on its mortgage. Service was perfected on Appellant on February 26, 2009. After Appellant failed to answer, Appellee filed for default. The trial court entered default judgment and issued a Decree in Foreclosure on April 22, 2009.  Appellee filed a Praecipe for Order of Sale with the trial court on April 29, 2009. The sheriff sale was scheduled for July 13, 2009. However, Appellee filed an Order to Withdraw Sale on July 10, 2009, due to the fact it was engaging in loss mitigation efforts with Appellant.  Appellee attempted to work with Appellant for an additional two months.

**{¶4}** When it became obvious the loss mitigation efforts would not be successful, Appellee filed a second Praecipe for Order of Sale on September 9, 2009.

---

[1] The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, NA, as Trustee for the C-BASS Mortgage Loan Asset-Back Certificates, Series 2005-RPI.

Appellee purchased the property at a sheriff's sale on November 2, 2009. Appellee again attempted to resolve the default with Appellant. After Appellee determined Appellant did not have the financial means to support the mortgage payment, Appellee filed a Motion to Confirm Sheriff's Sale on December 7, 2009. The trial court confirmed the sale on December 9, 2009. A sheriff's deed was recorded on February 10, 2010.

{¶5} On March 25, 2010, Appellant filed a Motion to Vacate Default Judgment pursuant to Civ. R. 60(B)(1-3). Therein, Appellant asserted her failure to answer was the result of excusable neglect. In an Affidavit attached to her motion, Appellant averred she had been in contact with Appellee's loan servicing agent and was pursuing a loan modification. Appellant added the loan servicing agent advised her she would be able to keep her residence upon completion of a loan modification program.

{¶6} Appellee filed a motion in opposition, arguing Appellant's failure to answer was not due to excusable neglect, and the loan modification had never been completed. Appellee added the default giving rise to the foreclosure remained uncontested; therefore, Appellant did not have a meritorious defense.

{¶7} Via Judgment Entry filed May 27, 2010, the trial court denied Appellant request for relief from judgment. The trial court found Appellant failed to establish she was entitled to relief under Civ. R. 60(B). The trial court noted Appellant never alleged Appellee's representative advised her not to file an Answer.

{¶8} It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

**{¶9}** "I. THE TRIAL COURT'S REFUSAL TO VACATE AND SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT-APPELLANT FLACK WAS AN ABUSE OF DISCRETION.

I

**{¶10}** In her sole assignment of error, Appellant maintains the trial court abused its discretion in denying her motion to vacate default judgment. We disagree.

**{¶11}** To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. Id. at paragraph three of the syllabus. Our standard of review of a court's decision as to whether to grant a Civ. R. 60(B) motion is abuse of discretion. Id. at 148, 351 N.E.2d 113. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12-CA-86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." Id. at 5.

**{¶12}** Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in overruling Appellant's Civ.R. 60(B) Motion. Appellant failed to

establish excusable neglect. Appellant was aware Appellee had filed the foreclosure action and had received default judgment against her. There is no evidence Appellee advised or otherwise indicated she did not have to file an Answer. Having failed to satisfy the second prong of the *GTE Automatic* test, Appellant was not entitled to relief. Further, the trial court was not required to consider the other two prongs.

**{¶13}** Appellant's sole assignment of error is overruled.

**{¶14}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BANK OF NEW YORK MELLON            :
                                  :
    Plaintiff-Appellees            :
                                  :
-vs-                              :          JUDGMENT ENTRY
                                  :
CHARLENE M. FLACK, ET AL.         :
                                  :
    Defendant-Appellants           :          Case No. 2010CA00153


For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas is affirmed. Costs to Appellant.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise _____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS