[Cite as *Bank of New York v. Stilwell*, 2012-Ohio-4123.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BANK OF NEW YORK | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 3 |
| NORMA STILWELL, et al. | |
|     Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No.  2008 CV 823


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         September 7, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

GREGORY HALL MELICK                       BRIAN K. DUNCAN
HEATHER LOGAN MELICK                      BRYAN D. THOMAS
LUPER NEIDENTHAL & LOGAN                   DUNCAN SIMONETTE, INC.
50 West Broad Street, Suite 1200          155 East Broad Street, Suite 2200
Columbus, Ohio  43215                     Columbus, Ohio  43215

*Wise, J.*

{¶1}  Defendant-Appellant Norma Stilwell appeals the December 14, 2011, decision of the Court of Common Pleas of Fairfield County, Ohio, denying her 60(B) Motion from Relief from Judgment.

## STATEMENT OF THE FACTS AND CASE

{¶2}  This case arose from a residential foreclosure action initiated as a result of Appellant's default under the terms of a Note and Mortgage. The relevant facts and procedural history are as follows:

{¶3}  On June 25, 2008, Appellee Bank of New York filed its Complaint for Foreclosure in this matter, and service by certified mail upon Appellant Norma Stilwell was perfected on June 28, 2008.

{¶4}  Appellant failed to answer the Complaint, and the trial court entered a default judgment against her and in favor of Plaintiff/Appellee, on August 11, 2008.

{¶5}  The case has not yet proceeded to a judicial sale.

{¶6}  On October 11, 2011, Appellant filed a Civ.R. 60(B) motion to vacate the default judgment, asserting that her failure to answer Appellee's Complaint or to respond to Appellee's motion for default judgment was excusable neglect (1) because she did not understand the impact of her failure to respond; (2) because Appellee engaged in loss mitigation negotiations with her even after entry of the default judgment; and (3) because she suffered ill health and the death of her mother during the pendency of the foreclosure action.

{¶7}  By Judgment Entry dated December 14, 2011, the trial court denied Appellant's motion.

{¶8} In rejecting Appellant's arguments, the trial court found Appellant's "excusable neglect" argument to be untimely because it was brought within one year, as required by Rule 60(B)(3). The trial court also found Appellant's Civ.R. 60(B)(5) argument to be a *de facto* substitute for the grounds provided in Civ.R. 60(B)(1)-(4), and thus untimely as well.

{¶9} Appellant now appeals, assigning the following sole Assignment of Error.

## ASSIGNMENTS OF ERROR

{¶10} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS AUGUST 11, 2008 JUDGMENT ENTRY OR ANY SUBSEQUENT ENTRY GRANTING DEFAULT JUDGMENT BASED ON CIV.R. 60(B)(1) AND/OR (5).

{¶11} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS AUGUST 11, 2008 JUDGMENT ENTRY OR ANY SUBSEQUENT ENTRY GRANTING DEFAULT JUDGMENT PURSUANT TO THE TRIAL COURT'S POLICY AND "LONGSTANDING PRACTICE" WITH RESPECT TO ADJUDICATING MATTERS ON THEIR MERITS AS OPPOSED TO PROCEDURAL DEFECTS.

{¶12} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO TRANSFER THE UNDERLYING MATTER TO MEDIATION AS REQUESTED BY APPELLANT.

{¶13} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO SET FORTH A FINDING OF EXCUSABLE NEGLECT.

{¶14} "V. THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT'S MOTION TO VACATE TO BE UNTIMELY."

**I., II., IV., V.**

{¶15} In her First, Second, Fourth and Fifth Assignments of Error, Appellant argue that the trial court erred in denying her Civ.R. 60(B) Motion for Relief from Judgment. We disagree.

{¶16} To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus (1976).

{¶17} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122(1987). The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983).

{¶18} Civ.R. 60(B) sets forth the manner in which relief may be granted:

{¶19} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms that are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to

move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶20}** Civ. R. 60(B)(5) permits the trial court to vacate a judgment for any other reason justifying relief from judgment. However, the catchall provision of Civ.R. 60(B)(5) should only be used in extraordinary or unusual cases where substantial grounds exist to justify relief. *Wiley v. Gibson*, 125 Ohio App.3d 77, 707 N.E.2d 1151(1997), *Adomeit v. Baltimore*, 39 Ohio App.2d 07, 39 Ohio App.2d 97, 316 N.E.2d 469 (1974).

**{¶21}** Furthermore, it applies only where a more specific provision of Civ.R. 60(B) does not apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1997).

**{¶22}** Appellant herein filed her motion pursuant to Civ. R. 60(B)(1) and/or (5).

**{¶23}** As set forth above, under Civ.R. 60(B)(1), the trial court may "relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

**{¶24}** Appellant claims that she did not understand the Complaint for Foreclosure, Motion for Default Judgment and/or Notice of the Sheriff's Sale. Further, Appellant claims that she had a good faith belief that she was in ongoing negotiations with Appellee throughout the course of the foreclosure action. She claims Appellee

informed her that she qualified for a loan modification, and that she was led to believe the parties had resolved this matter through a modification agreement. Additionally, Appellant claims Appellee advised her that she did not need to retain counsel in order to resolve the foreclosure matter.

**{¶25}** Upon review, we find Appellant failed to present sufficient evidence of excusable neglect to warrant relief from judgment in the case *sub judice.* Appellant does not deny that she was properly served with the Complaint for Foreclosure in this matter and, as evidenced by the loan modification negotiations with Appellee, Appellant was clearly aware of the foreclosure action. Instead, Appellant argues that because she was involved in loan modification negotiations with Appellee, she believed she did not have to address the pending foreclosure action.

**{¶26}** This Court has previously found that such does not amount to excusable neglect under Civ.R. 60(B)(1). See *PNC Mortgage v. Oyortey*, Delaware App. No. 11 CAE00093, 2012-Ohio-3237; *Bank of NY Mellon v. Flack*, Stark App. 2010CA153, 2011-Ohio-890, *Wells Fargo Bank, NA v. Neal*, Fairfield App. Nos. 11CA16, 17, 19, 2011-Ohio-3952.

**{¶27}** More importantly, since Appellant seeks relief through Civ.R. 60(B)(1), her motion was required to be made not more than one year after the final judgment. As Appellant's motion was filed three years after the default judgment in this matter, it is untimely.

**{¶28}** While not expressly stated as a Civ.R. 60(B)(3) claim, Appellant also asserts that she is entitled to relief because Appellee and/or its agents misrepresented

to her that she did not have to be concerned with the foreclosure action due to the ongoing loan modification negotiations.

{¶29} Upon review, we find Appellant has failed to present clear and convincing evidence of fraud as to any alleged misrepresentations in this matter.

{¶30} A claim for common law fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 169, 462 N.E.2d 407; *Collins v. National City Bank,* Montgomery App. No. 19884, 2003–Ohio–6893, ¶ 39.

{¶31} We further find no evidence that Appellee prevented Appellants from having a fair opportunity to present a defense.

{¶32} Appellant's claims that she did not realize that she had to file an answer the complaint or that she did not know the foreclosure was still going forward are unpersuasive. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure and are held to the same standard as other litigants." *Yocum v. Means,* Darke App. No. 1576, 2002–Ohio–3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id.*

{¶33} Finally, Appellant argues that she is entitled to relief pursuant to Civ.R. 60(B)(5).

{¶34} Civ.R. 60(B)(5) permits relief from judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, paragraphs one and two of the syllabus. "Relief on this ground is to be granted only in extraordinary situations, where the interests of justice call for it." *Salem v. Salem* (1988), 61 Ohio App.3d 243. Appellant has not produced any "extraordinary circumstances" in this case to warrant the use of Civ.R. 60(B)(5).

{¶35} Appellant in her brief has failed to allege operative facts to suggest that she was entitled to extraordinary relief under Civ.R. 60(B)(5).

{¶36} Furthermore, it is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686.

{¶37} Appellant's First, Second, Fourth and Fifth Assignments of Error are overruled.

**III.**

{¶38} In her Third Assignment of Error, Appellant argues that the trial court erred in failing to refer this matter to mediation. We disagree.

**{¶39}** In this matter, Appellant requested that the trial court transfer this matter to mediation three years after a default judgment had been granted in the foreclosure action.

**{¶40}** Upon review, we find that the trial court was well within its discretion to deny the motion for mediation at this stage of the proceedings. The trial court was never obligated to grant a motion for mediation at any stage.

**{¶41}** Appellant's Third Assignment of Error is overruled.

**{¶42}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0823

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BANK OF NEW YORK | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NORMA STILWELL, et al. | : | |
| | : | |
| Defendants-Appellants | : | Case No. 12 CA 3 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to Appellants.


_____

_____

_____

JUDGES