[Cite as *Deutsche Bank Natl. Trust Co. v. Unknown Spouse of Wolfe*, 2024-Ohio-2940.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R7 | : | JUDGES:<br>Hon. John W. Wise, P.J.<br>Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| Plaintiff-Appellee | : | |
| -vs- | : | |
| UNKNOWN SPOUSE, IF ANY OF ROBERT A. WOLFE, ET AL. | : | Case No. 2024 CA 00001 |
| Defendants | : | |
| and | : | |
| ANITA GRAF AND NEIL MORGAN | : | |
| Intervenors-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2021CV00170

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 1, 2024

APPEARANCES:

For Plaintiff-Appellee

BRIAN E. CHAPMAN
3962 Red Bank Road
Cincinnati, OH 45227

For Intervenors-Appellants

BRUCE M. BROYLES
752 Luke Chute Road
Waterford, OH 45786

*King, J.*

{¶ 1}   Intervenors-Appellants, Anita Graf and Neil Morgan, appeal the November 28, 2023 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, granting summary judgment to Plaintiff-Appellee, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R7.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 17, 2005, Robert A. Wolfe executed a promissory note secured by a mortgage encumbering property located at 795 Blue Valley Road in Lancaster, Ohio. Appellee is the holder of the note.

{¶ 3}   On January 20, 2021, appellee mailed a letter of intent to accelerate the mortgage to Wolfe due to the note being in default.  The letter was sent to a separate address given by Wolfe.

{¶ 4}   On April 29, 2021, appellee filed a complaint in foreclosure against Wolfe and the unknown spouse, if any, of Wolfe.  After the filing, appellee was informed that Wolfe had passed away on December 8, 2019.  On July 21, 2021, appellee added Wolfe's unknown heirs as defendants.

{¶ 5}   On September 7, 2021, appellants filed a motion to intervene to assert their interest in the property by virtue of an unrecorded land contract they had with Wolfe. Appellants supplemented their motion on October 12, 2021.  By judgment entry file October 21, 2021, the trial court granted the motion.

{¶ 6}   On June 22, 2023, appellee filed a motion to dismiss Wolfe since he had passed away prior to the filing of the complaint and a motion for default judgment against

the unknown heirs of Wolfe for failure to answer.  On the same date, appellee also filed a motion for summary judgment against appellants, claiming no genuine issues of material facts as it held the note and the note was in default.  By an order filed June 30, 2023, the trial court dismissed Wolfe as a defendant.

{¶ 7}   On August 22, 2023, appellants filed a response to the summary judgment motion, claiming appellee did not send Wolfe notice of default to the property address as required under the terms of the note unless notified by Wolfe of an address change.

{¶ 8}   On October 4, 2023, appellee filed a supplemental affidavit of Juliana Thurab, Contract Management Coordinator for appellee's servicer, attesting that on November 21, 2018, Wolfe informed the loan servicer that he did not live at the Blue Valley address and provided an address on East Main Street in Lancaster, Ohio.  A record of the address change was attached.  Wolfe also stated he no longer takes care of the payment and appellants are the "owners" and he wanted to remove his name.  The service provider offered suggestions on what to do (refinance or assumption).  The record indicates nothing was done.

{¶ 9}   By in rem judgment entry filed November 28, 2023, the trial court granted appellee's motion for default judgment against the unknown heirs, granted the motion for summary judgment against appellants after finding no genuine issues of material fact to exist, and issued a decree in foreclosure on the property.

{¶ 10} Appellants filed an appeal with the following assignment of error:

I

{¶ 11} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE REGARDING WHETHER APPELLEE FULFILLED THE CONDITIONS PRECEDENT."

I

{¶ 12} In their sole assignment of error, appellants claim the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 13} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 14} In *Leech v. Schumaker,* 2015-Ohio-4444, ¶ 13 (5th Dist.), this court explained the following:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall

be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 15} As an appellate court reviewing summary judgment motions, we stand in place of the trial court and review the issues de novo, under the same standards and evidence as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶ 16} Appellants argue genuine issues of material fact exist as to whether appellee fulfilled the conditions precedent. Appellants argue appellee failed to provide notice of default per the terms of the note. In support, appellants quote the following language of paragraph 8 of the promissory note: "any notice that must be given to me [Wolfe] under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address." Appellants argue notice was not sent to the property address.

{¶ 17} The supplemental affidavit of Juliana Thurab with an attached record of the loan servicing notes shows Wolfe informed the note holder over the telephone that his address was 1570 East Main Street instead of the Blue Valley Road address. The notice of default was sent to the East Main Street address. There is no requirement in the note that the address change needs to be in writing.

{¶ 18} Also in support, appellants cite to paragraph 15 of the mortgage agreement that states:

All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. . . . The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.

{¶ 19} The requirement that all notices given by Borrower or Lender must be in writing is found under the mortgage agreement, not the default notice paragraph in the note, and the mortgage provision contemplates that the Lender can specify a different procedure to report a change of address other than in writing. Although a different procedure is not specifically delineated in the mortgage document, appellee accepted Wolfe's change of address over the telephone and documented it in the loan servicing notes.

{¶ 20} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary quality materials establishing: (1) the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been satisfied; and (5) the amount of principal and interest due. *Wachovia Bank of Delaware, N.A. v. Jackson,* 2011-Ohio-3203, ¶ 40-45 (5th Dist.).

{¶ 21} The record demonstrates appellee has presented evidentiary quality materials establishing these factors.  *See* Affidavit of Status Account filed June 16, 2023, and Supplemental Affidavit filed October 4, 2023.  Appellee is the holder of the note and mortgage of which Wolfe is the named borrower under the note and named mortgagor under the mortgage agreement.  Wolfe was in default of the note and appellee sent the required notices to the address provided by Wolfe.  The purported land contract was never recorded, nor was a refinance or assumption ever executed by Wolfe to appellants.

{¶ 22} Upon review, we do not find any genuine issues of material fact to exist and therefore find the trial court did not err in granting summary judgment to appellee.

{¶ 23} The sole assignment of error is denied.

{¶ 24} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By King, J.

Wise, P.J. and

Baldwin, J. concur.