[Cite as *Deutsche Bank Natl. Trust Co. v. Wolfe*, 2026-Ohio-622.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., | Case No. 2025 CA 00011 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Fairfield County, Case No. 2021 CV 00170 |
| ROBERT A. WOLFE, et al., | |
| Defendants - Appellees | Judgment: Affirmed |
| (ANITA L. GRAF & NEIL A. MORGAN II, | Date of Judgment: February 23, 2026 |
| Intervenors - Appellants) | |

BEFORE: Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: David W. Cliffe, Cincinnati, Ohio, for Plaintiff-Appellee Deutsche Bank National Trust Co.; Bruce M. Broyles, Waterford, Ohio, for Intervenors-Appellants Anita L. Graf and Neil A. Morgan II.


*Gormley, J.*

{¶1}    Intervenors Anita Graf and Neil Morgan argue in this appeal that the trial court erred by denying their Civil Rule 60(B) motion requesting relief from the trial court's November 2023 judgment in favor of plaintiff Deutsche Bank in this foreclosure case.  In the Civil Rule 60(B) motion that they filed in the trial court, Graf and Morgan claimed that Deutsche Bank had fraudulently obtained the decree of foreclosure by providing to the trial court some bank-account records that — according to Graf and Morgan — failed to account for four mortgage payments that they allegedly made in 2022.  For the reasons explained below, we affirm the trial court's decision denying relief from the judgment.

**The Key Facts**

**{¶2}** Deutsche Bank filed its foreclosure complaint in this case in April 2021 against Robert Wolfe. The complaint alleged that Wolfe was in default on a 2005 promissory note that was secured by a mortgage on the real property at issue. After learning that Wolfe had died in 2019, Deutsche Bank added Wolfe's unknown heirs as additional defendants in the case. Added as intervening parties, too, were Graf and Morgan, who alleged that they had an interest in the property by virtue of a land contract that they claimed to have entered into with Wolfe.

**{¶3}** In June 2023, Deutsche Bank filed an affidavit from one of its records custodians, and that affidavit and its attachments documented the payment history on the promissory note. According to that affidavit, the last payment received by Deutsche Bank had been applied toward Wolfe's February 2021 payment obligation. Because the note was now in default, Deutsche Bank asked the trial court to grant summary judgment in its favor on the foreclosure complaint.

**{¶4}** Graf and Morgan responded to that motion in the trial court but did not challenge the accuracy of the payment records attached to the affidavit from the records custodian, did not argue that the bank had mischaracterized those records, and did not provide the trial court with any evidence suggesting that they had made more payments than those reflected in the bank's records.

**{¶5}** The trial court granted judgment in favor of Deutsche Bank in November 2023 and promptly issued a decree of foreclosure. Graf and Morgan appealed to our court, arguing that the bank had failed to provide a proper notice of default as required by the promissory note. We affirmed the judgment, finding that the bank had "sent the

required notices to the address provided by Wolfe." *Deutsche Bank Natl. Trust Co. v. Unknown Spouse of Wolfe*, 2024-Ohio-2940, ¶ 21 (5th Dist.).

**{¶6}** Graf and Morgan then filed in the trial court in November 2024 a Civil Rule 60(B)(3) motion for relief from judgment. In their motion, they argued that Deutsche Bank had obtained the foreclosure decree fraudulently by — according to Graf and Morgan — failing to account for several of their 2022 mortgage payments. The trial court denied Graf and Morgan's motion, and they now appeal.

## The Trial Court Did Not Err By Denying Graf and Morgan's Motion For Relief From Judgment

**{¶7}** Graf and Morgan argue here that the trial court improperly required them to support their motion with what they describe as "evidentiary quality facts," and they contend, too, that the trial court erroneously weighed the evidence described in their motion and in the bank's response.

**{¶8}** We examine for an abuse of discretion a trial court's decision to deny a Civil Rule 60(B) motion. *Maynard v. Scales*, 2025-Ohio-5124, ¶ 15 (5th Dist.). An abuse of discretion is more than an error in law or judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** A trial court may, for various reasons, relieve a party from a final judgment, and one of those reasons is the one cited by Graf and Morgan in their November 2024 motion: "fraud . . . , misrepresentation[,] or other misconduct" by an adverse party. Civ.R. 60(B)(3). Any motion grounded on that particular provision must, according to the rule, be filed "not more than one year after the judgment." Civ.R. 60(B).

{¶10} The use of a Civ.R. 60(B) motion is generally reserved for issues that could not have been raised in a direct appeal. *Beyoglides v. Elmore*, 2012-Ohio-3979, ¶ 17 (2d Dist.) ("when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available"); *Key v. Mitchell*, 81 Ohio St.3d 89, 91 (1998) (finding that Civ.R. 60(B) relief was not available where the party's "claims could have been raised in a timely appeal" from the trial court's judgment).

{¶11} A Civ.R. 60(B) motion cannot be used to attack the evidence upon which a trial court relied in granting a motion for summary judgment, and that kind of argument should instead be raised in a direct appeal from the trial court's judgment. *Nationstar Mtge. LLC v. Groves*, 2017-Ohio-887, ¶ 16 (11th Dist.) ("The Civ.R. 60(B) motion essentially attacked . . . the sufficiency of the affidavit and evidence that formed the basis for the trial court's grant of summary judgment. . . . [That issue] could have been, and should have been, raised in a direct appeal"); *Navy Fed. Credit Union v. McAfee*, 2024-Ohio-5794, ¶ 15 (1st Dist.) ("While [defendant] asserts that [plaintiff] committed a fraud . . . under Civ.R. 60(B)(3), the fraud she alleges is [plaintiff]'s assertion that the debt on the Note exists. This too is a challenge to the merits of the summary-judgment decision. . . . [Defendant] cannot use Civ.R. 60(B) to attack the merits of the trial court's judgment.").

{¶12} In support of the arguments made in their Rule 60(B) motion for relief, Graf and Morgan, within the one-year period when any Civil Rule 60(B)(3) motion was due, provided the trial court with no new evidence other than an unsigned affidavit. Pointing to the documents that the bank had provided to the trial court in 2023 at the summary-judgment stage — the records custodian's affidavit and the bank records attached to it —

Graf and Morgan urged the trial court to find that Deutsche Bank had not accounted for four mortgage payments that they say they made in 2022. By not addressing those four payments, the bank — according to Graf and Morgan's motion for relief from judgment — had fraudulently misrepresented key evidence to obtain a judgment in its favor.

{¶13} We agree with the trial court: Graf and Morgan are not entitled to relief under Civ.R. 60(B). Any errors in the bank records provided by Deutsche Bank at the summary-judgment stage — or any alleged trial-court misrepresentations by the bank about those records — would have been (or should have been) apparent to Graf and Morgan, both when they responded to the bank's summary-judgment motion and when they pursued a direct appeal from the trial court's November 2023 judgment.

{¶14} Civil Rule 60(B) was not a proper vehicle for Graf and Morgan to attack, a year after the initial judgment, the evidence on which the trial court had relied when that court granted Deutsche Bank's summary-judgment motion. The time for Graf and Morgan to try to cast doubt on the bank records or on the bank's characterization of those records was at the summary-judgment stage, but Graf and Morgan chose then to focus on a different issue — an alleged misstep by the bank in sending a notice of default to the late Robert Wolfe — and said nothing about any additional mortgage payments that they themselves had made or about any alleged errors in the bank's records.

{¶15} And though Graf and Morgan did appeal after the trial court granted summary judgment in the bank's favor in 2023, they again in that appeal said nothing about having made mortgage payments that the bank had either overlooked or mischaracterized at the summary-judgment stage.

{¶16}  Instead, Graf and Morgan waited many months and then — in a Civil Rule 60(B) motion — brought up for the first time their concerns about holes in the bank records and about alleged misrepresentations in the bank's trial-court affidavit that supported the bank's request for summary judgment.  Because the concerns raised by Graf and Morgan in their Civil Rule 60(B) motion could (and therefore should) have been raised at the summary-judgment stage, the trial court did not abuse its discretion when that court denied Graf and Morgan's motion for relief from the judgment.

{¶17}  The judgment of the Court of Common Pleas of Fairfield County denying the intervenors' Civil Rule 60(B) motion is affirmed.  Costs are to be paid by Appellants Anita Graf and Neil Morgan.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.