[Cite as *PNC Mtge. v. Oyortey*, 2012-Ohio-3237.]

pCOURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PNC MORTGAGE | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Plaintiff-Appellee      Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J.<br>-vs-<br>Case No. 11 CAE 10 0093<br>MICHELLE OYORTEY, et al.<br>Defendants-Appellants      O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No.  10 CVE 07 1053

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 17, 2012

APPEARANCES:

For Plaintiff-Appellee

STACY L. HART
LERNER, SAMPSON & ROTHFUSS
Post Office Box 5480
Cincinnati, Ohio  45201-5480

For Defendants-Appellants

DANIEL L. MCGOOKEY
KATHRYN M. EYSTER
LAUREN MCGOOKEY
MCKOOKEY LAW OFFICES
225 Meigs Street
Sandusky, Ohio  44870

*Wise, J.*

{¶1} Defendants-Appellants Michele and Benjamin Oyortey appeal the September 14, 2011, decision of the Court of Common Pleas of Delaware County, Ohio, adopting the Magistrate's Decision denying their Civ.R. 60(B) Motion for Relief from Judgment.

## STATEMENT OF THE FACTS AND CASE

{¶2} This case arose from a residential foreclosure action initiated as a result of Appellants' default under the terms of Note, Mortgage and Loan Modification Agreement. The relevant facts and procedural history are as follows:

{¶3} Appellants Michele Oyortey aka Michelle Oyortey and Benjamin Oyortey took title to 4397 Grathrine Court, Lewis Center, Ohio, 43035, on September 28, 2006. Subsequently, Appellants signed a promissory note for $208,000.00 to National City Mortgage, a division of National City Bank on December 21, 2006. That same day, Appellants also granted a first mortgage to National City to secure the borrowed sum.

{¶4} That Mortgage was recorded in the Delaware County Recorder's records on January 4, 2007.

{¶5} Thereafter, on July 1, 2009, Appellants entered into a loan modification agreement with National City Mortgage Co., a subsidiary of National City Bank for the purpose of amending and supplementing the terms of the Note and Mortgage securing same.

{¶6} Appellants subsequently defaulted on the Note, Loan Modification and Mortgage by failing to make payments.

{¶7} On July 15, 2010, Appellee PNC Mortgage filed a complaint for foreclosure against Appellants Michele and Benjamin Oyortey.

{¶8} The docket reflects that the Sheriff perfected personal service on Appellants on July 21, 2010.

{¶9} On September 7, 2010, Appellee filed a motion for default judgment.

{¶10} On September 13, 2010, Appellee PNC Mortgage obtained a Judgment and Decree in Foreclosure. A sheriff's sale was set and then withdrawn in November, 2010.

{¶11} On January 20, 2011, Appellants filed a motion for relief from judgment after obtaining counsel.

{¶12} On February 3, 2011, Appellee filed an opposition, followed by Appellants' reply on March 3, 2011.

{¶13} On May 5, 2011, the trial court held an evidentiary hearing.

{¶14} On May 6, 2011, Appellants filed a Supplemental Memorandum in Further Support of their Motion for Relief from Judgment, which was opposed by PNC after the hearing on May 16, 2011.

{¶15} On May 18, 2011, subsequent to the hearing, Appellants again filed another Supplemental Memorandum in support of their motion for relief from judgment.

{¶16} PNC filed a motion to strike the second supplement, on May 27, 2011, which was granted by the trial court on June 7, 2011.

{¶17} On June 14, 2011, the Magistrate issued a decision denying Appellants' Motion for Relief from Judgment.

**{¶18}** On June 28, 2011, Appellants filed objections to the Magistrate's Decision, which were opposed by PNC on July 7, 2011. A reply in support was also filed on August 10, 2011.

**{¶19}** On September 14, 2011, the trial court issued a Judgment Entry overruling the objections to the Magistrate's Decision and adopting the Magistrate's Decision.

**{¶20}** Appellants now appeal, assigning the following sole Assignment of Error.

## ASSIGNMENT OF ERROR

**{¶21}** "I. THE TRIAL COURT ERRED IN DENYING OYORTEYS' MOTION FOR RELIEF FROM JUDGMENT AND ERRED IN STRIKING OYORTEYS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RELIEF FROM JUDGMENT."

### I.

**{¶22}** In its sole Assignment of Error, Appellant argues that the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment. We disagree.

**{¶23}** The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*

(1993), 66 Ohio St.3d 619. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

**{¶24}** Therefore, the only issue before this Court is whether the trial court abused its discretion in denying Appellant's motion for relief from judgment under the dictates of Civ.R. 60(B).

**{¶25}** Civ.R. 60(B) states, in relevant part:

**{¶26}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶27}** To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that:

**{¶28}** "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time,

and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶29} Generally, the moving party's failure to satisfy any of the three requirements will result in the motion being overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

{¶30} In the instant case, Appellants argued that they were entitled to relief pursuant to Civ.R. 60(B)(1),(2), (3) and/or (5). Upon review, this Court finds the reasons offered by Appellant failed to justify relief from the trial court's judgment.

{¶31} As set forth above, under Civ.R. 60(B)(1), the trial court may "relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

{¶32} Here, we find that Appellant failed to present sufficient evidence of excusable neglect to warrant relief from judgment in the case *sub judice*. Appellants do not deny that they were properly served and as evidence by their negotiations with Appellee, they were aware of the foreclosure action. Instead, in their motion for relief, Appellants argued that their failure to answer the complaint in the instant case was excusable because at that time they were traveling between Ohio and New York to care for Michelle Oyortey's ill father. Appellant Benjamin Oyortey in fact stated in his affidavit "…I was overburdened and had no time left to deal with the matter of this foreclosure action."

{¶33} Additionally, Appellants argued that because they were in negotiations with Appellee, they believed they did not have to address the pending foreclosure action.

{¶34} Such does not amount to excusable neglect under Civ.R. 60(B)(1).

{¶35} Appellants also claimed that they are entitled to relief under Civ.R. 60(B)(2). Specifically, Appellants claim "newly discovered evidence" by way of Fannie May Loan Lookup results. However, as the trial court stated, such documents/results were available to Appellants at all times prior to the trial court's September 13, 2010, decision, regardless of whether Appellant's were aware of such.

{¶36} Next, Appellants assert that they are entitled to relief under Civ.R. 60(B)(3), claiming that Appellee and/or its agents misrepresented to them that they did not have to be concerned with the Sheriff's Sale because of the ongoing loan modification negotiations.

{¶37} Upon review, we find that the loan modification agreement in this case was not presented to Appellants until November 1, 2010. Further, Appellants conceded that they chose not to enter into such modification agreement with Appellee.

{¶38} Further, Appellants have failed to present clear and convincing evidence of fraud as to any alleged misrepresentations in this matter.

{¶39} A claim for common law fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon

it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 169, 462 N.E.2d 407; *Collins v. National City Bank,* Montgomery App. No. 19884, 2003–Ohio–6893, ¶ 39.

**{¶40}** We further find no evidence that Appellee prevented Appellants from having a fair opportunity to present a defense.

**{¶41}** Appellants claim they did not realize that they did not have to answer the complaint or that they did not know that the foreclosure was still going forward are unpersuasive. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Yocum v. Means,* Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id.*

**{¶42}** Finally, Appellants argue that they were entitled to relief pursuant to Civ.R. 60(B)(5).

**{¶43}** Civ.R. 60(B)(5) permits relief from judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, paragraphs one and two of the syllabus. "Relief on this ground is to be granted only in extraordinary situations, where the interests of justice call for it." *Salem v. Salem*

(1988), 61 Ohio App.3d 243. Appellants have not produced any "extraordinary circumstances" in this case to warrant the use of Civ.R. 60(B)(5).

**{¶44}** Appellants in their brief have failed to allege operative facts to suggest that they were entitled to extraordinary relief under Civ.R. 60(B)(5).

**{¶45}** Furthermore, it is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686.

**{¶46}** Finally, we do not find that the trial court erred in striking Appellants' supplemental memorandum filed May 18, 2011, as the Delaware County Local Rules do not provide for supplemental filings.

**{¶47}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.

Delaney, J., and

Edwards, J. concur.

_____

_____

_____

                                        JUDGES

JWW/d 0625

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


PNC MORTGAGE                                    :
                                                :
    Plaintiff-Appellee                          :
                                                :
-vs-                                            :                    JUDGMENT ENTRY
                                                :
MICHELLE OYORTEY, et al.                        :
                                                :
    Defendants-Appellants                       :                    Case No. 11 CAE 10 0093


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to Appellant.


                             _____


                             _____


                             _____

                                            JUDGES