[Cite as *CitiMortgage Inc. v. Parrish*, 2012-Ohio-3778.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| CITIMORTGAGE INC., Successor by | : | Hon. Patricia A. Delaney, P.J. |
| Merger to ABN AMRO Mortgage | : | Hon. W. Scott Gwin, J. |
| Group, Inc. | : | Hon. John W. Wise, J. |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 12 CAE 02 0011 |
| | : | |
| MATTHEW D. PARRISH, et al. | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                             Pleas, Case No. 11 CVE 06 0674

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       August 20, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

BILL A. PURTELL                       JOHN A. GLEASON
LERNER, SAMPSON & ROTHFUSS            COOKE, DEMERS & GLEASON
120 East Fourth Street, Suite 800     Three North High Street, P. O. Box 714
Cincinnati, Ohio  45202               New Albany, Ohio  43054

*Wise, J.*

**{¶1}** Defendants-appellants Matthew and Jill Parrish appeal the January 26, 2012, decision of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment and decree in foreclosure in favor of Appellee CitiMortgage, Inc.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** This case arose from a residential foreclosure action initiated as a result of Appellants' default under the terms of Note, Mortgage and Loan Modification Agreement. The relevant facts and procedural history are as follows:

**{¶3}** On September 13, 2002, Appellants Matthew D. Parrish and Jill M. Parrish executed a promissory note and mortgage in the amount of $265,000 to ABM AMRO Mortgage Group, Inc. for the property located at 4103 Essex Court, Powell, Ohio, 43065.

**{¶4}** Appellants subsequently defaulted on the Note and Mortgage by failing to make payments and on February 3, 2009, CitiMortgage filed for foreclosure in action 09-CVE-02-0134. Thereafter, Appellants entered into an Interim Forbearance Agreement with CitiMortgage and the foreclosure action as dismissed.

**{¶5}** The Interim Forbearance Agreement provided for Appellants to pay down the principal balance ($247,608.87 at 7.5% from June 1, 2008) and moved the due date on the loan from July 1, 2008 to June 1, 2009. During this 11 month period, Appellants paid and were credited approximately $26,000.00.

**{¶6}** In July, 2010, a permanent loan modification was offered to Appellants. An initial web page notice to Appellants included an estimated interest rate of 3.5% but warned that "[t]he final modification may vary depending on the review and verification

of the financial information you have provided, and other restrictions." The final modification offer included a 6.125% interest rate. Appellants never accepted the modification offer.

**{¶7}** On June 7, 2011, Appellee filed the foreclosure action which is the subject of the instant appeal.

**{¶8}** On November 8, 2011, Appellee CitiMortgage, Inc. filed a Motion for Summary Judgment.

**{¶9}** On December 13, 2011, Appellants filed a Memorandum in Opposition to Plaintiff's (Appellee) Motion for Summary Judgment.

**{¶10}** By Judgment Entry filed January 26, 2012, the trial court granted Appellee's Motion for Summary Judgment.

**{¶11}** Also on January 26, 2012, the trial court filed a Judgment Entry Decree in Foreclosure in this matter.

**{¶12}** Appellants now appeal, assigning the following sole assignment of error.

## ASSIGNMENT OF ERROR

**{¶13}** "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

**{¶14}** "A. WHERE THERE ARE DISPUTED ISSUES OF FACT AS TO THE AMOUNT OWED, SUMMARY JUDGMENT IS NOT APPROPRIATE.

**{¶15}** "B. WHERE APPELLEE PREVIOUSLY AGREED TO MODIFY THE TERMS OF A LOAN, IT CANNOT ENFORCE THE ORIGINAL TERMS OF THE LOAN AND SUMMARY JUDGMENT BASED UPON THE ORIGINAL TERMS IS NOT APPROPRIATE."

**I.**

**{¶16}** In their sole assignment, Appellants argue that the trial court erred in granting summary judgment in this matter. We disagree.

**{¶17}** "Summary Judgment Standard"

**{¶18}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

**{¶19}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

**{¶20}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion

that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶21} It is based upon this standard that we review Appellants' assignment of error.

{¶22} Appellants herein argue that a material fact exists as to the amount owed, claiming that Appellee failed to credit Appellants with amounts paid. Appellants further argue that Appellee is attempting to collect an interest rate above that agreed to in writing.

{¶23} The trial court reviewed the Interim Forbearance agreement as well as the Affidavit by Laura Leigh Baum, the Document Control Officer with CitiMortgage, Inc., along with the Note and Mortgage in this case. The trial court also had before it an Affidavit of Matthew Parrish with the following exhibits: "Exhibit 1" internet page dated 12/13/2011 captioned "Payment Information, "Exhibit 2" – a Consolidation Report, "Exhibit 3" – e-mail correspondence dated July 6, 2010, containing a Citimortgage account status, "Exhibit 4" – an internet page dated August 25, 2010, captioned "Your Mortgage Modification", and "Exhibit 5" – a series of e-mail correspondence between counsel for the parties.

{¶24} In the trial court's decision, which was based upon an analysis of the affidavits and exhibits, the trial court found that Appellants defaulted under the terms of

the Note and Mortgage and that the amount due upon the Note was $244,790.82 with interest at a rate of 7.5% per annum.  The trial court further found that Appellants failed to submit evidence establishing that the parties had reached an enforceable loan modification agreement lowering the interest rate.

**{¶25}** This Court reviews mortgages under general principles of contract law, and we presume that the parties' intent " 'resides in the language they have chosen to employ in the agreement.' " *SFJV 2005, L.L.C. v. Ream,* 187 Ohio App.3d 715, 2010-Ohio-1615, citing in part *Fountain Skin Care v. Hernandez,* 175 Ohio App.3d 93, 2008-Ohio-489. " 'If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.' *Inland Refuse Transfer Co. v. Browning–Ferris Indus. of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322. *Id.* In such a case, "a court may not go beyond the plain language of the agreement to determine the parties' rights and obligations, and it may not consider parole evidence of the parties' intentions. (Citations omitted)." *Id.* The court, instead, "must give effect to the express terms of the contract." *Id.*

**{¶26}** In this case, the loan modification discussions, which were never accepted by Appellants, did not bar the bank from seeking foreclosure. The Ohio Supreme Court said in one foreclosure case that "[the lender]'s decision to enforce the written agreements cannot be considered an act of bad faith." *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 1996-Ohio-194. The Court then quoted the Seventh Circuit Court of Appeals: " 'firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of "good faith." ' " *Id.*, quoting *Kham & Nate's Shoes No. 2, Inc. v. First*

*Bank of Whiting,* 908 F.2d 1351, 1357 (7th Cir.1990). "Indeed," said the Court, "[the lender] had every right to seek judgment on the various obligations owed to it by [the borrower] and to foreclose on its security." Id.

**{¶27}** In a recent Tenth District foreclosure case*, U.S. Bank Natl. Assn. v. Mobile Assoc. Natl. Network Sys., Inc.*, 195 Ohio App.3d 699, 2011-Ohio-5284, before the bank filed a foreclosure action, it and the borrowers had agreed in a letter to negotiate about the borrowers' obligations. The borrowers asserted that the letter agreement was a binding contract that modified the loan to require the parties to negotiate. They contended that the bank failed to negotiate, breaching the modified loan. Until the bank negotiated, argued the borrowers, it should be estopped from foreclosing. The Tenth District rejected this argument for several reasons. Pertinent among them, the court said that the bank had the right to initiate foreclosure proceedings. The court found that a provision in the loan documents provided that "the bank was entitled to immediately initiate foreclosure proceedings in the event of default." U.S. Bank at ¶ 1. "The bank's decision to pursue its contractual remedies," said the court, "cannot be considered to be an act of bad faith." *Id.*, citing *Ed Schory* at 443.

**{¶28}** Also, in a Fifth District foreclosure case, *Key Bank Natl. Assoc. v. Bolin*, 5th Dist. Stark No. 2010 CA 00285, 2011-Ohio-4532, the trial court granted summary judgment for the lender on its foreclosure complaint. The borrower argued that the trial court erred and abused its discretion by doing so because the lender acted in bad faith and misrepresented to the borrower that she could participate in a loan modification program. This Court rejected this argument, finding no provision in the mortgage

document "prevent[ed] the lender from insisting on the strict performance of the mortgage obligations." *Key Bank* at ¶ 37.

**{¶29}** In the case sub judice, no provision of the note or mortgage requires the bank to participate in loan-modification negotiations or requires it to wait until negotiations it chose to participate in are finished before exercising its right to foreclose. Rather, a mortgage provision gives the bank the right, on Appellants' breach, to pursue full payment and foreclosure without first satisfying any conditions. We therefore find that the bank did not act in bad faith in pursuing foreclosure in this case.

**{¶30}** Upon review, we concur with the trial court analysis and find summary judgment to Appellee was appropriate

**{¶31}** For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.

By Wise, J.

Delaney, P.J., and

Gwin, J., concur

_____

_____

_____

[Cite as *CitiMortgage Inc. v. Parrish*, 2012-Ohio-3778.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CITIMORTGAGE, INC., Successor by Merger to ABN AMRO Mortgage Group, Inc., | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MATTHEW D. PARRISH, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 12 CAE 02 0011 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs to Appellants




_____



_____



_____