[Cite as *U.S. Bank, N.A. v. Hurr*, 2024-Ohio-5382.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| U.S. BANK, N. A. | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 24 CAE 04 0024 |
| JANET E. HURR | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                             Common Pleas, Case No. 22 CVE 11 0605

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 13, 2024

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KYLE E. TIMKEN                        TYLER D. HOUSTON
Manley, Deas Kochalski LLC            J. ERIC HOLLOWAY
Box 165028                            485 Metro Place South, Ste. 300
Columbus, OH 43216-5028               Dublin, OH 43017

*Gwin, J.,*

{¶1} Appellant Janet Hurr appeals the April 3, 2024 judgment entry of the Delaware County Court of Common Pleas denying her Civil Rule 60(B) motion for relief from judgment. Appellee is U.S. Bank, N.A., as successor by merger to U.S. Bank National Association.

*Facts & Procedural History*

{¶2} On January 18, 2007, appellant and her now-deceased husband executed, signed, and delivered to appellee's predecessor by merger a fifteen-year Balloon Note in the amount of $258,000 for the property located at 15296 Woodtown Road in Sunbury, Ohio. In order to secure payment of the note, appellant and her husband signed a mortgage. Appellant subsequently defaulted on the note and mortgage by failing to make payments starting on November 23, 2020. Appellee exercised its option to accelerate the balance due on the note.

{¶3} Appellee filed a foreclosure complaint against appellant on November 17, 2022. The Delaware County Treasurer was also named in the complaint due to its interest in the property. Appellant was served with the complaint via certified mail on November 19, 2022. Appellant concedes in her pleadings that she was served with the complaint. Appellant did not file an answer to the complaint.

{¶4} Appellee filed a motion for default judgment on February 23, 2023. Attached to the motion for default judgment was the affidavit of Tabatha L. Scott, an officer of appellee. She averred that the principal amount of $201,586.93 is due and owing, plus interest at the rate of 7.55% per annum, from November 23, 2020. Further, that appellee has elected to call the entire balance of the account due and payable, in accordance with

the terms of the note and mortgage.  The motion was granted, and a decree of foreclosure was issued on March 15, 2023.  The property was subsequently sold in June of 2023 to a third-party purchaser.  Appellee filed a motion to confirm the sale; however, the sale has not yet been confirmed by the trial court.

{¶5}    Appellant appeared for the first time in the case by filing a motion for relief from judgment pursuant to Civil Rule 60(B) on June 30, 2023.  Appellant argued she had meritorious defenses to the complaint, specifically:   appellee failed to mitigate its damages by refusing to work with appellant to refinance the note; unclean hands by causing appellant to enter into the balloon payment, knowing she could not pay it; and promissory estoppel because appellee sent emails to appellant promising they would work with her to avoid foreclosure.

{¶6}    Appellant attached her own affidavit to the motion.  She averred as follows: she started to work with what she believes was appellee in 2010 to obtain new financing after her husband died, but the lender did not cooperate with her requests; in 2020, she asked for and received a forbearance on her mortgage payments from appellee due to COVID; she reported to appellee she could pay the mortgage and she wanted to refinance, but appellee ignored her and the balloon payment kicked in; and she received multiple emails from appellee stating they could work with her to refinance and offering to help her refinance.

{¶7}    Appellant attached to her affidavit the following emails: (1) an email dated April 28, 2023 from appellee stating appellant can continue her loan application online (appellant characterizes this email as "wanting her to apply online to refinance"); (2) an email dated April 10, 2023 from appellee stating "your mortgage is 75 days or more past

due and we want to offer you a final chance to apply for customer assistance * * *these options may vary depending upon investor participation and approval" (appellant characterizes this email as "wanting her to seek to refinance" and "offering help"); (3) an email dated February 2, 2023 stating appellee received the documents appellant submitted; (4) an email dated January 19, 2023 from appellee stating, "you have important information available regarding your customer assistance application" (appellant characterizes this email as "wanting her to seek to refinance"); (5) an email dated January 17, 2023 from appellant to appellee stating her documents had been submitted (appellant characterizes this email as "appellee wanting her to refinance" and "offering help"); (6) an email dated January 16, 2023 from appellant to appellee attaching her application for loan modification and stating, "I did not know there was a 'balloon' payment due a year ago.  This is something that he [appellant's late husband] never told me about"; (7) an email from appellant to appellee stating she "tried for years" to refinance and applied for a loan modification in 2010, but appellee would not agree and stating, "I was completely unaware of the balloon on this loan until my attorney found it a couple years ago.  My husband, David Harmon, set this up for reasons unknown to me"; and (8) an email dated March 22, 2022 from appellee stating, "there's still time to refinance your mortgage" (appellant characterizes this email as "appellee wanting her to refinance" and "offering their help").   The email also states, "loan approval is subject to program guidelines."

{¶8}    Appellee filed a memorandum in opposition to appellant's motion to vacate on July 25, 2023.  Appellant filed a reply on August 1, 2023.  The trial court ordered the parties to participate in mediation.  The parties participated in mediation for several

months.  However, in February of 2024, the mediator notified the trial court the mediation was unsuccessful.

{¶9}    On April 3, 2024, the trial court issued a judgment entry denying appellant's motion for relief from judgment.  The trial court found:  appellant could have refinanced at any time with any lender; appellee was not required to mitigate its damages by offering to refinance, nor was appellant required to wait for an offer from appellee in order to refinance the loan; though appellant claims appellee acted with unclean hands by causing her and her husband to enter into a loan with a balloon payment knowing they could not afford the higher payments and then resisted her efforts to refinance, appellant presented no evidence regarding what appellee knew about appellant's ability to make payments once the balloon period commenced; the circumstances occurring after the balloon mortgage was signed that were described in appellant's affidavit (her husband's death, appellant's massive downturn in income due to COVID, appellant's having to close two businesses, and appellant having to accept work outside her field) were circumstances not attributable to appellee's conduct or foreseen by either party when the mortgage was executed; there was no evidence appellee took advantage of appellant in offering the balloon mortgage; there is no evidence appellee's decision to pursue foreclosure was unconscionable so as to allow the doctrine of unclean hands; the messages from appellee allegedly encouraging appellant to contact them to discuss loan modification did not rise to the level of clear and unambiguous promises; even in cases where the parties have agreed to a loan modification, courts have held the lender is not estopped from pursuing foreclosure; the communications between appellant and appellee never ripened into an actual agreement; there was no clear or unambiguous promise on which appellant

reasonably relied; appellant is not able to present a meritorious defense with regards to promissory estoppel; appellant admitted she had no agreement or arrangement with appellee that there would be a loan modification; appellant's affidavit that she received communications indicating appellee "wanted [her] to seek refinance" suggests appellant did not believe there was an existing agreement; there was no evidence appellee acted in bad faith or made promises upon which appellant reasonably relied; and, while appellant's circumstances are sympathetic, they do not relieve her of the duty to respond to the complaint.

{¶10}  Appellant appeals the April 4, 2024 judgment entry of the Delaware County Court of Common Pleas, and assigns the following as error:

{¶11}  "THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S 60(B) MOTION FOR RELIEF FROM JUDGMENT IN THEIR APRIL 3, 2024 DECISION."

I.

{¶12}  Appellant argues the trial court committed error in denying her Civil Rule 60(B) motion to vacate the judgment.

{¶13}  To prevail on a motion for relief from judgment brought under Civil Rule 60(B), a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time.  *GTE Automatic, Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976).  A failure to establish any one of the three requirements will cause the motion to be overruled.  *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389 (1984).  There is no dispute that the motion in this case was made within a reasonable time.

{¶14} A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this Court absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75 (1987). The Supreme Court of Ohio has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

*Meritorious Defense*

{¶15} Appellant contends she has three meritorious defenses to present if relief is granted: (1) appellee failed to mitigate its damages; (2) appellee had unclean hands; and (3) promissory estoppel. Although a party does not need to prove that the alleged defense will prevail at trial, enough operative facts must be alleged to show the defense can be proven. *Wells Fargo Bank, N.A. v. Stevens*, 2014-Ohio-1399 (7th Dist.).

{¶16} Appellant first argues that a lender who misleads a borrower has an obligation to take reasonable steps to mitigate its losses. Appellant presents no caselaw in support of her position. The emails submitted by appellant demonstrate that any settlement discussions or loan modification or refinancing discussions never amount to an agreement by either party. Thus, these discussions did not bar appellee from seeking foreclosure. *Citimortgage, Inc. v. Parrish*, 2012-Ohio-3778 (5th Dist.). The lender's "decision to enforce the written agreements cannot be considered an action of bad faith." *Ed Schory & Sons, Inc. v. Society Nat'l Bank*, 1996-Ohio-194.

{¶17} Appellee chose to pursue its contractual remedies. There is no provision in either the note or mortgage that requires appellee to mitigate its damages by allowing appellant to participate in a loan modification or refinance prior to appellees exercising their right to foreclose. *Fifth Third Mortgage Co. v. O'Neill*, 2015-Ohio-3000 (5th Dist.);

*Key Bank Nat'l Assn. v. Bolin*, 2011-Ohio-4532 (5th Dist.).  Rather, the mortgage gives appellee the right to pursue full payment, regardless of any modification or refinance negotiations.  *Id.*

{¶18}  Appellant next argues appellee misled her and thus appellee's claims are barred by the doctrine of unclean hands.  Specifically, appellant contends the email communications from appellee led appellant to believe appellee wanted her to refinance her loan and appellee misled appellant by offering to assist her when they had no intention of doing so.

{¶19}  The doctrine of unclean hands is based on the maxim of equity that provides "he who comes into equity must come with clean hands."  *Seminatore v. Climaco, Climaco, Lefkowitz & Garofoli Co.*, 2003-Ohio-3945 (8th Dist.).  The application of the doctrine is at the discretion of the trial court.  *Id.*  In order for the doctrine to apply, "the offending conduct must constitute reprehensible, grossly inequitable, or unconscionable conduct, rather than mere negligence, ignorance, or inappropriateness."  *Bridgestone Americas Tire Operations, LLC v. Harris*, 2020-Ohio-76 (5th Dist.).

{¶20}  This Court has previously found there is no meritorious defense based on the doctrine of unclean hands in a situation where neither the note or mortgage requires the lender to participate in a loan modification or loan refinance.  *Fifth Third Mtge. Co. v. O'Neill*, 2015-Ohio-3000 (5th Dist.); *Key Bank Nat'l Assn. v. Bolin*, 2011-Ohio-4532 (5th Dist.).  Further, there is no evidence appellee engaged in any conduct that was "reprehensible," "grossly inequitable," or "unconscionable."  Even in the emails sent to appellant, there was language such as "options vary" and "program qualifications must be met" before a loan modification or refinance could be completed.  Appellant failed to

comply with the note and mortgage by failing to render timely and complete payments, and the loan remained in default for the November 2020 payment and for all payments since that time.

{¶21} The emails submitted by appellant demonstrate appellant's husband sought the note and mortgage containing the balloon payment, and that appellant did not understand why her husband did so. However, there is no evidence, either in the emails or in appellant's affidavit, to demonstrate appellee had any indication appellant and her husband would not be able to afford the balloon payment. Rather, as noted by the trial court, the circumstances cited by appellant in her affidavit as to why she could not make the loan payments were circumstances arising long after the mortgage containing the balloon payment was established.

{¶22} Finally, appellant argues she has the meritorious defense of promissory estoppel. To make a prima facie case for promissory estoppel, appellant must show: (1) a clear and unambiguous promise; (2) reliance upon the promise; (3) reliance that is both reasonable and foreseeable; and (4) the person claiming reliance is injured as a result of reliance on the promise. We find the trial court did not abuse its discretion in finding promissory estoppel was not a meritorious defense because there is no evidence of a clear and unambiguous promise to forbear. In her affidavit, appellant avers she felt the emails sent by appellee indicated they "wanted her to refinance" and appellee "wanted to help her." There is no evidence that an actual agreement was ever reached between the parties or any evidence appellee made a clear and unambiguous promise not to foreclose. *Kohl v. National City Bank*, 2006-Ohio-2031 (5th Dist.). Further, the "Balloon Rider" in this case specifically states the "lender is under no obligation to refinance the

loan." As we have previously held, the lender cannot be estopped from foreclosing due to loan modification negotiations. *Citimortgage v. Parrish*, 2012-Ohio-3778 (5th Dist.).

*60(B)(1) – Excusable Neglect*

**{¶23}** Appellant argues she is entitled to relief pursuant to Rule 60(B)(1) due to excusable neglect. Specifically, appellant cites the emails that invited her to refinance with appellee and her cancer diagnosis which greatly reduced her ability to work as circumstances demonstrating excusable neglect.

**{¶24}** To determine whether neglect is excusable under Rule 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17 (1988). Excusable neglect has been defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Stevens v. Stevens*, 2016-Ohio-7925 (5th Dist.). Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring. *Id.*

**{¶25}** We find the trial court did not abuse its discretion in finding no excusable neglect under these facts and circumstances. Appellant does not deny that she was properly served with the complaint. This Court has held that a borrower's belief that they were not required to file an answer or otherwise respond to a foreclosure complaint because of loss mitigation negotiations does not amount to excusable neglect under 60(B)(1). *PNC Mortgage v. Oyortey*, 2012-Ohio-3237 (5th Dist.); *Bank of New York v. Stillwell*, 2012-Ohio-4123 (5th Dist.). The mere fact that settlement talks were in progress does not constitute excusable neglect. *Wells Fargo Bank, N.A. v. Stevens*, 2014-Ohio-

1399 (7th Dist.) (not excusable neglect to fail to defend against foreclosure action simply because loan renegotiation talks are in progress).   This Court has also held that an affidavit by a borrower stating they missed the deadline for filing an answer to a foreclosure complaint due to a medical diagnosis or medical issues does not demonstrate excusable neglect pursuant to 60(B)(1).   *Citimortgage, Inc. v. Henning*, 2019-Ohio-3851 (5th Dist.).

**{¶26}**  Appellant could have prevented the circumstances from occurring by filing a responsive pleading to the complaint.   Accordingly, we find the trial court did not commit error in finding no excusable neglect.

*60(B)(3) – Fraud*

**{¶27}**  Appellant contends 60(B)(3) applies in this case because appellee fraudulently impacted her ability to fully present her defense because they "continually misled" her via email communication.

**{¶28}**   A claim for fraud requires proof of: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance; and (6) injury proximately caused by the reliance.  *PNC Mortgage v. Oyortey*, 2012-Ohio-3237 (5th Dist.).

**{¶29}**  We find appellant failed to present clear and convincing evidence of fraud as to any alleged misrepresentations in this matter.  *Bank of New York v. Stillwell*, 2012-Ohio-4123 (5th Dist.) (no fraud when lender allegedly told borrower she didn't have to be concerned with the foreclosure case due to ongoing negotiations).   The fraud or

misconduct contemplated by 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case. *PNC Bank, Nat'l Assn. v. Botts*, 2012-Ohio-5383 (10th Dist.).

{¶30} There is no basis to find alleged fraud or misrepresentation in any way prevented appellant from fully and fairly presenting her defenses in a responsive pleading. Instead, appellant failed to file anything until the motion for relief was filed. The fraud alleged by appellant is not the type of fraud contemplated by 60(B)(3). *Id; Wells Fargo Bank, N.A. v. Bluhm*, 2015-Ohio-921 (6th Dist.) (no evidence settlement negotiations prevented appellant from having fair opportunity to present defenses; not a ground for relief under 60(B)(3)); *Waterfall Victoria Master Fund 2008 1 v. Rittenhouse*, 2018-Ohio-1791 (5th Dist.).

*60(B)(5)*

{¶31} Appellant also contends her motion should have been granted pursuant to Civil Rule 60(B)(5). Civil Rule 60(B)(5) permits relief from judgment for "any other reason justifying relief from the judgment." It is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Rule 60(B). *Echemann v. Echemann*, 2018-Ohio-1441 (3rd Dist.). "The grounds for invoking Civil Rule 60(B)(5) should be substantial," and relief on these grounds should be granted only in extraordinary situations where the interests of justice require it. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983).

**{¶32}** Appellant attempts to utilize 60(B)(5) to argue that, due to appellee's actions in attempting to work with her to remedy the foreclosure, extraordinary relief should apply to grant her relief from judgment. We disagree. It is undisputed that appellant did not file an answer to the complaint. Even if appellee worked with appellant to remedy the default, the "Rules of Civil Procedure must be followed, regardless of actions taken outside of the courthouse doors." *Deutsche Bank Nat'l Trust Co. v. Davis*, 2011-Ohio-5791 (5th Dist.) (no abuse of discretion to deny relief pursuant to 60(B)(5) because of negotiations to remedy foreclosure outside the judicial proceedings); *Bank of New York v. Stillwell*, 2012-Ohio-4123 (5th Dist.) (no extraordinary circumstances when parties involved in loan modification negotiations)

**{¶33}** The judgment rendered in this case is not so extraordinary or unusual as to rise to the level of other situations in which Ohio courts have found relief under Rule 60(B)(5) necessary. The trial court did not abuse its discretion in denying relief pursuant to 60(B)(5).

**{¶34}** Based on the foregoing, we find the trial court did not abuse its discretion in finding appellant failed to present a meritorious defense and in finding appellant failed to demonstrate she is entitled to relief under 60(B)(1), (B)(3), or (B)(5). Accordingly, appellant's assignment of error is overruled.

{¶35} The April 3, 2024, judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur