[Cite as *Tarahfields, L.L.C. v. White Law Office Co.*, 2025-Ohio-178.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TARAHFIELDS, LLC, ET AL., | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 24CA013 |
| | : | |
| WHITE LAW OFFICE CO., ET AL., | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Holmes County Court
of Common Pleas, Case No. 22CV023

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: January 22, 2025

APPEARANCES:

For Plaintiffs-Appellants:

CYNTHIA M. RODGERS
605 Cass St., P.O. Box 1
Dresden, OH 43821

For Defendants-Appellees:

ZACHARY B. PYERS
AMANDA K. WAGER
REMINGER CO., L.P.A.
200 Civic Center Dr., Ste. 800
Columbus, OH 43215

*Delaney, P.J.*

{¶1} Appellants Tarahfields, LLC, Razor Lake, LLC, and Terry L. Jurin appeal from the May 13, 2024 judgment entry of the Holmes County Court of Common Pleas overruling their motion for relief from judgment. Appellees are the White Law Office Co., Thomas D. White, Matthew Kearney, and Katherine Kimble.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose in 2019 when appellants retained appellees to pursue a breach of contract claim on their behalf. Appellees filed suit in the Coshocton County Court of Common Pleas pursuant to the parties' Legal Services Fee Agreement. Appellees' representation of appellants proceeded to termination of the litigation, including successfully defending a motion for summary judgment and trial by jury.

{¶3}   Appellants stopped paying appellees' bills.

{¶4} On April 8, 2022, appellants initiated the instant case by filing suit against appellees for legal malpractice arising from appellees' representation in Coshocton County. Appellees counterclaimed for breach of contract arising from the unpaid legal bills.

{¶5}   Appellants voluntarily dismissed their claims on December 21, 2023. Appellees' counterclaim for unpaid legal bills remained pending, and appellees filed a motion for summary judgment. Appellants responded by claiming 1) the Legal Services Fee Agreement was modified through monthly payments of $500, and 2) affirmative defenses for legal malpractice.

{¶6}   The trial court granted appellees' motion for summary judgment, finding 1) the parties are bound by the Legal Services Fee Agreement, 2) there was no evidence of

installment payments made under any modification during appellees' service period, and 3) appellees' services concluded before appellants made any monthly payments. The trial court journalized its entry on March 8, 2023.

{¶7} The only remaining issue was the amount owed and the trial court scheduled a damages hearing.

{¶8} Appellants moved to set aside the judgment pursuant to Civ.R. 60(B) and to dismiss appellees' counterclaim, citing "new" evidence including an email dated May 25, 2021 and other documents that would have purportedly supported appellants' legal malpractice claim. The trial court overruled appellants' motion on April 4, 2023, finding the motion was an attempt to re-argue the summary judgment and appellants did not demonstrate due diligence in reviewing their own records.[1]

{¶9} At the damages hearing, the parties reached an agreement as to the amount of damages and final judgment was rendered on April 20, 2023.

{¶10} In December 2023, appellants filed a new action in the Franklin County Court of Common Pleas, covering the same ground as the instant case but offering the May 2021 email and different versions of a contract in support of their claims.

{¶11} On April 22, 2024, appellants filed another motion for relief from judgment pursuant to Civ.R. 60(B) in the instant case, citing the "new" evidence which was discovered in the Franklin County case because new counsel looked at it, and the trial court overruled the motion on May 13, 2024.

---

[1] The linchpin of appellants' argument, an email from May 2021, was in possession of appellants' longtime accountant, who provided an affidavit in support of appellants' motion in opposition to summary judgment. There was no evidence appellants exercised due diligence in locating the email while the litigation was in progress.

{¶12} Appellants now appeal from the trial court's entry of May 13, 2024.

{¶13} Appellants raise two assignments of error:

### ASSIGNMENTS OF ERROR

{¶14} "I.  THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO VACATE THE JUDGMENT OF $25,000 BECAUSE IT FAILED TO GIVE ANY REASONS FOR THE DECISION."

{¶15} "II.  THE TRIAL COURT ERRED IF IT DID NOT TAKE THE FAX MACHINE STAMP OF 4/19/2019 AS THE FILING DATE AND DEEMED THE MOTION AS UNTIMELY."

### ANALYSIS

#### I.

{¶16} In their first assignment of error, appellants argue the trial court erred in overruling their Civ.R. 60(B) motion and should have held a hearing on the motion. We disagree.

{¶17} To prevail on a motion for relief from judgment brought under Civil Rule 60(B), a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *U.S. Bank, N. A. v. Hurr*, 2024-Ohio-5382, ¶ 13 (5th Dist.), citing *GTE Automatic, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). A failure to establish any one of the three requirements will cause the motion to be overruled. *Id.,* citing *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389 (1984).

{¶18} Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. *Rose Chevrolet v. Adams,* 36 Ohio St.3d 17, 20-21 (1988). In order to convince the court to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion. *Kay v. Marc Glassman, Inc.* 76 Ohio St.3d 18, 20 (1996).

{¶19} If the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. *Monaco v. Monaco*, 2023-Ohio-1869, ¶ 31 (5th Dist.), citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18 (1996). Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶20} Whether to conduct a hearing, or whether relief should be granted, is addressed to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'". *Monaco*, supra, 2023-Ohio-1869 at ¶ 33, citing *State v. Weaver,* 2022-Ohio-4371, ¶ 24.

{¶21} In the instant case, appellants' motion for relief from judgment was premised upon the same argument as their response to the motion for summary judgment (modifications to the Legal Services Fee Agreement and the affirmative defense of legal

malpractice) which the trial court rejected in granting summary judgment for appellees. To the extent that appellants argued they were entitled to relief from judgment based upon the discovery of new evidence, the purported new evidence was under their own control from inception of the litigation. Appellants acknowledge they discovered the purported new evidence upon reviewing documents after summary judgment was already granted against them. Appellants' Brief, 2.

{¶22} Although the timeline of the discovery of the evidence is opaque at best as presented in appellants' brief and reply, it is evident to us that this "new evidence" supports relief from judgment only based upon a confusing string of speculation and conjecture. Moreover, there is no reasonable explanation why appellants failed to discover the "new evidence" under their own control during the course of protracted litigation in two counties.

{¶23} Civ.R. 60(B)(2) grants the trial court authority to vacate a judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B)." There is no explanation in the instant case why appellants failed to discover the new evidence cited in their motion. Nor is there any evidence in the record that appellees made a fraudulent misrepresentation or misconduct pursuant to Civ.R. 60(B)(3). In short, we are unable to find any support for appellants' motion for relief from judgment that is more than speculation at best. We cannot find the trial court abused its discretion in overruling the motion.

{¶24} For the reasons set forth above, we find no abuse of discretion in the trial court's decision overruling appellants' motion for relief from judgment. The first assignment of error is overruled.

II.

{¶25} In their second assignment of error, appellants argue the trial court should have considered their Civ.R. 60(B) motion as timely filed.  Because there is no indication the trial court found the motion untimely and the timeliness issue was not raised before the trial court, we disagree.

{¶26} The trial court summarily overruled appellants' Civ.R.60(B) motion and appellant now speculates the trial court should have found the motion to be timely filed. Upon our review of the trial court's entry, the court considered the motion on its merits and overruled it. We find no reason to determine whether the trial court erred in a timeliness determination because this issue does not appear in the record before us. "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Walcutt v. Greer*, 2024-Ohio-2094, ¶ 21 (5th Dist.), citing *Carrico v. Drake Constr.*, 2006-Ohio-3138, ¶ 37 (5th Dist.), internal citations omitted*.*

{¶27} Appellants' second assignment of error is overruled.

**CONCLUSION**

{¶28} Appellants' two assignments of error are overruled and the judgment of the Holmes County Court of Common Pleas is affirmed.


By: Delaney, P.J.,

Hoffman, J. and

Baldwin, J., concur.