[Cite as *Maynard v. Maynard*, 2025-Ohio-5124.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES H. MAYNARD, | Case No. 25 CAF 06 0045 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 13 DR A 10 0472 |
| MARCI L. MAYNARD (KNA SCALES), | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: November 12, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** No Appearance for Plaintiff-Appellee; CARRIE M. VARNER, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

{¶1}   Marci L. Maynard, kna Scales (hereinafter "Appellant") and Charles H. Maynard (hereinafter "Appellee") were divorced in the Domestic Relations Division of the Delaware County Court of Common Pleas. An Agreed Judgment Entry Decree of Divorce was filed on March 11, 2015.

{¶2} The parties herein have filed numerous post-decree motions and the trial court has issued numerous post-decree judgment entries since the filing of the aforementioned decree.

{¶3} As part of ongoing custody issues, the trial court appointed a parenting coordinator. The parenting coordinator filed a Parenting Coordinator Decision with the trial court on January 4, 2024. Appellant filed a Motion to Object to the Parenting Coordinator Decision on January 17, 2024. The magistrate filed a Magistrate's Decision overruling Appellant's objections on February 28, 2024. Appellant filed Objections on March 12, 2024, to the February 28, 2024, Magistrate's Decision.

{¶4} The court appointed parenting coordinator filed another Parenting Coordinator Decision in the trial court on April 19, 2024. Appellant filed Objections to the Parenting Coordinator Decision with the trial court on May 3, 2024.

{¶5} The trial court overruled Appellant's objections filed on March 12, 2024, and May 3, 2024, and affirmed the decisions of the magistrate in a Judgment Entry filed with the trial court on October 1, 2024.

{¶6} Appellant filed a notice of Appeal with this Court on November 1, 2024. This Court dismissed Appellant's appeal in a Judgment Entry filed on December 2, 2024. Said entry stated, "from the face of the Notice of Appeal, it appears the within appeal is untimely."

{¶7} Appellant then filed a Motion for Delayed Appeal with this Court on December 20, 2024. This Court denied Appellant's motion in a Judgment Entry filed on January 13, 2025.

{¶8}   On the same day Appellant filed her Motion for Delayed appeal, she filed a Motion and Memorandum in Support for Relief of Judgment with the trial court. Appellant's motion sought to vacate the trial court's October 1, 2024, Judgment Entry.

{¶9}   The trial court denied Appellant's Motion and Memorandum in Support for Relief of Judgment in a Judgment Entry filed on May 20, 2025.

{¶10}  Appellant filed an appeal with this Court to the trial Court's May 20, 2025, Judgment Entry and asserted five assignments of error:

"I.   THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIV.R. 60(B) MOTION FOR RELIEF FROM JUDGMENT WHEN THE JUDGMENT-IMPOSED CONDITIONS THAT [SIC] WERE IMPOSSIBLE TO FULFILL."

"II.  THE TRIAL COURT ABUSED ITS DISCRETION IN REAPPOINTING THE GUARDIAN AD LITEM OVER OBJECTION, DESPITE DEMONSTRATED BIAS, CONFLICT OF INTEREST, AND MISCONDUCT."

"III. THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND TO A MEANINGFUL OPPORTUNITY TO BE HEARD BY QUASHING VALID SUBPOENAS AND DENYING WITNESS TESTIMONY, DISCOVERY, AND THE RIGHT TO PRESENT EVIDENCE.

"IV.  THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO BROADCAST OR RECORD COURT PROCEEDINGS CONTRARY TO CONSTITUTIONAL AND STATUTORY PRINCIPLES OF OPEN COURTS."

"V.  THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS BY REPEATEDLY FAILING TO HOLD HEARINGS ON DISPOSITIVE MOTIONS,

INCLUDING MOTIONS FOR RELIEF, DISQUALIFICATION OF GAL, APPOINTMENT OF COUNSEL FOR MINORS, AND DISCOVERY ENFORCEMENT."

{¶11} As part of Appellant's Notice of Appeal, she filed a Request for Leave to Appeal Interlocutory Orders. *Notice of Appeal*, p. 2.

{¶12} This Court denied Appellant's request to appeal the interlocutory orders in a *Judgment Entry* filed herein on October 6, 2025. Said *Entry* states, "We will only consider assignments of error related to the May 20, 2025, order which denied Appellant's motion for relief from judgment."

{¶13} Therefore, only Appellant's first assignment of error will be addressed in this decision.

## STANDARD OF REVIEW

{¶14} Appellant argues in her first assignment of error that relief should have been granted under Civ.R. 60(B). *Appellant Brief*, p. 6.

{¶15} This Court has held, "A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this Court absent an abuse of discretion." *United States Bank, N.A. v. Hurr*, 2024-Ohio-5382, ¶ 14 (5th Dist.), citing *Griffey v. Rajan*, 33 Ohio St.3d 75 (1987). The Supreme Court of Ohio defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

## ANALYSIS

{¶16} Ohio Civil Rule 60 provides for relief from a trial court judgment or order. Civ.R. 60(B) states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1)     Mistake, inadvertence, surprise or excusable neglect;

(2)     Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3)     Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4)     The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5)     Any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

\* \* \*

**{¶17}** Appellant filed a Motion and Memorandum in Support for Relief from Judgment with the trial court on December 20, 2024. Appellant asked the trial court "[f]or an order vacating and setting aside the judgment filed on October 1, 2024." *Motion and Memorandum in Support for Relief from Judgment*, 12/20/2024, p. 1.

**{¶18}** Appellant asserted in her motion that she is entitled to relief from the October 1, 2024, Judgment Entry because "[t]he Judgment Entry contain Orders that can't be fulfilled by the Defendant to reunite unsupervised parenting time with her children." *Id.*, pp. 2, 3.

**{¶19}** The trial court found, "Defendant is using her Motion for Relief from Judgment to relitigate this issue which she failed to timely present in a direct appeal." *Judgment Entry*, p. 1.

**{¶20}** This Court has held, "The law in Ohio is clear that a motion for relief from judgment may not be used by a party as a substitute for a timely appeal." *Ogline v. Sam's Drug Mart, L.L.C.*, 2014-Ohio-2355, ¶31, citing *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128 (1986).

**{¶21}** This Court dismissed Appellant's appeal filed on November 1, 2024, as untimely. Appellant then filed her Motion and Memorandum in Support for Relief from Judgment with the trial court on December 20, 2024.

**{¶22}** The trial court found, "Defendant is not entitled to relief from judgment because her Civ.R. 60(B) motion is merely an attempt to relitigate the very issues that she failed to timely present in a direct appeal." *Judgment Entry*, p. 2.

**{¶23}** This Court finds that the trial court's decision was not arbitrary, unreasonable or unconscionable. The trial court did not abuse its discretion in dismissing Appellant's Motion and Memorandum in Support for Relief of Judgement.

**{¶24}** Appellant's first assignment of error is overruled.

## CONCLUSION

**{¶25}** Based on the foregoing, this Court affirms the decision of the trial court entered on May 20, 2025, in the Domestic Relations Division of the Delaware County Court of Common Pleas.

**{¶26}** As previously stated by this Court through its Judgment Entry filed on October 6, 2025, Appellant's Assignments of Error 2, 3, 4 and 5 will not be considered by this Court.

**{¶27}** Costs to Appellant.


By: Montgomery, J.

King, P.J. and

Popham, J. concur.